JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CARESSE M. VENTIERA

## DEFENDANTS
CAMELBACK RESORT, LLC

(b) County of Residence of First Listed Plaintiff: SUFFOLK, NEW YORK
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: MONROE, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
JAMES E. HOCKENBERRY, 1429 WALNUT STREET, SUITE 300, PHILADELPHIA, PA 19103 (215)714-0744

Attorneys *(If Known)*
UNKNOWN

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [X] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| [ ] 110 Insurance | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 320 Assault, Libel & Slander | | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 330 Federal Employers' Liability | | | PROPERTY RIGHTS | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 345 Marine Product Liability | | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 350 Motor Vehicle | PERSONAL PROPERTY | LABOR | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [X] 360 Other Personal Injury | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 362 Personal Injury - Medical Malpractice | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | SOCIAL SECURITY | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | Habeas Corpus: | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | FEDERAL TAX SUITS | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | IMMIGRATION | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | Other: | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332 - DIVERSITY OF CITIZENSHIP
Brief description of cause:
SLIP AND FALL/PREMISES LIABILITY

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: July 6, 2021
SIGNATURE OF ATTORNEY OF RECORD: /s/ James E. Hockenberry

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARESSA M. VENTIERA<br>335 Myrtle Avenue<br>West Isplip, NY 11795<br><br>      Plaintiff,<br><br>  V.<br><br>CMBK RESORT OPERATIONS, LLC<br>c/o Corporation Service Company<br>251 Little Falls Drive<br>Wilmington, DE  19808<br><br>    and<br><br>CMBK RESORT HOLDINGS, LLC<br>c/o Corporation Service Company<br>251 Little Falls Drive<br>Wilmington, DE  19808<br><br>    and<br><br>CAMELBACK RESORT, LLC<br>475 Camelback Road<br>Tannersville, PA  18372<br><br>    And<br><br>CAMELBACK SKI RESORT<br>475 Camelback Road<br>Tannersville, PA  18372<br><br>    and<br><br>CAMELBACK SKI CORPORATION<br>475 Camelback Road<br>Tannersville, PA  18372<br><br>    and | DOCKET NO.: |

| | |
|---|---|
| KSL CAMELBACK MANAGEMENT, LLC<br>193 Resort Drive<br>Tannersville, PA  18372<br><br>             and<br><br>EPT SKI PROPERTIES, INC.<br>c/o Corporation Service Company<br>251 Little Falls Drive<br>Wilmington, DE  19808<br><br>             and<br><br>CBH20 General Partners, LLC<br>301 Resort Drive<br>Tannersville, PA  18372<br><br>                    Defendants. | |

## CIVIL ACTION COMPLAINT

I.     INTRODUCTION

1.     This is a civil action arising from a slip-and-fall accident that occurred at Defendants' Camelback Ski Resort in Tannersville, Monroe County, Pennsylvania, on February 8, 2020.  Caresse Ventiera, slipped on ice on a pedestrian walkway, falling, and causing her to suffer a comminuted distal radius fracture of her left wrist/arm.

II.     PARTIES, JURISDICTION AND VENUE

2.     Plaintiff, Caresse M. Ventiera, is an adult individual residing at 336 Myrtle Avenue, West Islip, New York.

3.     Defendant CMBK Resort Operations, LLC, is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware.

4. Defendant CMBK Resort Holdings, LLC, is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware.

5. Defendant Camelback Resort, LLC, is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at 475 Camelback Road, Tannersville, Pennsylvania.

6. Defendant Camelback Ski Resort is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at 475 Camelback Road, Tannersville, Pennsylvania.

7. Defendant Camelback Ski Corporation is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at 475 Camelback Road, Tannersville, Pennsylvania.

8. Defendant KSL Camelback Management, LLC is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at 193 Resort Drive, Tannersville, Pennsylvania.

9. Defendant EPT Ski Properties, Inc. is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a

principal place of business at c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware.

10. Defendant CBH20 General Partners, LLC, is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at 301 Resort Drive, Tannersville, Pennsylvania.

11. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(1) as Plaintiff is a citizen of the State of New York and defendants are citizens of Pennsylvania and/or Delaware. Thus, there is a complete diversity of citizenship between the Plaintiff and defendants.

12. Venue in the Eastern District of Pennsylvania because the defendants, or at least one of the defendants, is deemed to reside in the Eastern District of Pennsylvania because it/they have sufficient contacts with the Eastern District of Pennsylvania to subject it/them to personal jurisdiction in the Eastern District of Pennsylvania, should the same be a separate state.

13. Such contacts with the Eastern District of Pennsylvania includes, *inter alia*, advertising within the Eastern District of Pennsylvania, by way of example, on the Philadelphia CBS Local station.

III. **FACTS**

14. Defendants CMBK Resort Operations, LLC and/or CMBK Resort Holdings, LLC and/or Camelback Resort, LLC and/or Camelback Ski Resort and/or Camelback Ski Corporation and/or KSL Camelback Management, LLC and/or EPT Ski Properties, Inc. and/or CBH20 General Partners, LLC, hereafter collectively referred to as "Defendants," as of February 8, 2020, jointly and/or severally owned, had dominion over, managed, controlled, leased, operated, or possessed property known as Camelback Ski Resort in Tannersville, Monroe County, Pennsylvania, upon which property on that date Plaintiff Caresse Ventiera, was a business invitee.

15. At all times material to this Complaint, each of the defendants were agents, servants, workmen, employees and/or representatives of each other and were acting within the course and scope of said employment and/or agency and/or was acting for a common purpose or on a joint venture.

16. At all times relevant and material to this Complaint, defendants did act through their agents, servants, workmen, employees and/or representatives, said individuals acting within the course and scope of their employment and/or agency.

17. At all times relevant hereto, one or more of the defendants had entered into a contract or agreement with each other and/or with other parties, the specific terms of which are unknown to plaintiff, under which there was an obligation on the part of the aforesaid defendants, jointly and/or severally, to repair, maintain, inspect, clean and otherwise be responsible for the aforesaid premises, including the paver pedestrian area outside of the lodge on the defendants' premises, so that same would be safe for use by invitees, including plaintiff Caresse Ventiera.

18. On or about February 8, 2020, plaintiff, Caresse Ventiera, was lawfully on defendants' premises, when, suddenly and without warning, she was caused to slip and fall due to a defective condition and/or conditions in the area of the paver pedestrian area outside of the lodge, on the defendants' premises.

19. At all times relevant hereto, defendants herein, jointly and/or severally, owed a duty to clean, maintain, inspect and otherwise be responsible for the aforesaid premises, to provide a safe and hazard free environment and otherwise be responsible for the aforesaid premises so that same would be safe for use by patrons, business invitees and members of the general public, including plaintiff.

20. Defendants herein, jointly and/or severally, knew and/or should have known of the said dangerous, insecure and therefore defective condition(s) and the likelihood that same

would cause injuries to patrons and invitees lawfully on the aforesaid premises in the absence of adequate safety measures.

21. On or about February 8, 2020, and for a long time prior thereto, defendants herein, jointly and/or severally, did allow the premises and its environs to be and remain in a dangerous, insecure and therefore defective conditions which thereby created an unreasonable hazard to persons lawfully on defendants' premises.

22. At all times material hereto, the area which plaintiff was walking on defendants' premises was under the exclusive dominion and control of Defendants herein, jointly and/or severally.

23. The circumstances under which plaintiff was injured were such that said injuries to plaintiff could not have occurred on said premises except by Defendants' negligence.

24. The aforesaid accident resulted solely from the negligence and carelessness of Defendants herein, jointly and/or severally, and in no manner whatsoever to any act or failure to act on the part of plaintiff.

25. As the direct and proximate result of this accident and the negligence of the defendants, detailed *infra*, plaintiff, Caresse Ventiera, has suffered serious and severe injuries which are or may be serious and permanent, *inter alia:*

    a. Comminuted intra-articular fracture of the distal radius;

    b. Injury to her nerves/nervous system;

    c. Swelling;

    d. The need for surgery;

    e. Great pain and suffering;

    f. The need for surgical hardware placement;

    g. Permanent injury to her left hand/wrist/arm;

      h. Permanent loss of use of her left hand;

      i. The need for future medical care, including therapy and/or surgery;

      j. Past medical expenses, including by way of liens;

      k. Future medical expenses;

      l. Inability to work/disability;

      m. Wage loss;

      n. Injuries to her musculoskeletal system.

26. As a further result of this accident, plaintiff, Caresse Ventiera, has been obligated to receive and undergo medical attention and care for her injuries, and to incur various expenses for said care, and she may be obligated to continue to expend such sums and to incur such expenses for an indefinite period of time in the future.

27. As a further result of this accident, plaintiff has been obligated to receive and undergo reasonable and necessary medical treatment and rehabilitative services for the injuries she has suffered, and to incur various expenses for said treatment and services, and she may incur various reasonable and necessary future medical expenses from the injuries sustained, and defendants are liable for all of same.

28. As a further result of this accident, plaintiff, Caresse Ventiera, has or may suffer loss of her earnings and impairment of her earning capacity and power, and may continue to suffer such a loss for an indefinite time in the future.

29. As a further result of this accident, plaintiff, Caresse Ventiera, has been unable to attend to her daily chores, duties, and occupations, and may be unable to do so for an indefinite time in the future.

30. As a direct result of the accident, plaintiff, Caresse Ventiera, has and may continue to in the future incur other financial expenses or losses to which she may otherwise be entitled to recover.

31. As a further result of the accident, plaintiff, Caresse Ventiera, has suffered severe physical pain, aches, mental anguish, and humiliation, inconveniences, and loss of life's pleasures, and she may continue to suffer the same for an indefinite time in the future.

<u>COUNT I- NEGLIGENCE</u>
<u>Caresse Ventiera vs. CMBK Resort Operations, LLC and/or CMBK Resort Holdings, LLC and/or Camelback Resort, LLC and/or Camelback Ski Resort and/or Camelback Ski Corporation and/or KSL Camelback Management, LLC and/or EPT Ski Properties, Inc. and/or CBH20 General Partners, LLC</u>

32. Plaintiff, Caresse Ventiera, incorporates herein by reference paragraphs one through thirty-one, inclusive, as though same were set forth at length.

33. The negligence and carelessness of the Defendants, jointly and/or severally, consisted of the following:

    a. failing to inspect, correct or have corrected, repair or protect the premises from defective and/or hazardous conditions being created in the area used for patrons, invitees and/or the general public on defendants' premises, said conditions existing for a long time prior to the date of the accident;

    b. allowing defective conditions to exist which defendants knew or should have known created a dangerous hazard to patrons, invitees and/or the general public;

c. allowing latent and hidden dangerous conditions to exist on defendants' premises;

d. failure to properly and adequately maintain the premises, in particular, the aforesaid paver area outside the lodge area;

e. failure to warn patrons, invitees and/or the general public of the dangerous, hazardous and unsafe conditions on the premises;

f. failure to take reasonable precautions against the dangerous, hazardous and unsafe conditions of the premises;

g. failure to provide barricades in the area of the defective or dangerous conditions to prohibit patrons, invitees and/or the general public from traversing in the aforesaid area of defendants' premises and/or to reduce the chance of injuries to such persons resulting from the defective or dangerous conditions of the premises, or in the alternative, improperly placing said barricades;

h. failure to properly and adequately hire and/or instruct the agents, servants, workmen, employees and/or representatives, of defendants herein, as to safe and proper procedures for inspecting, maintaining, cleaning, correcting and repairing a

    dangerous and defective conditions on defendants' premises, including the defective and/or dangerous conditions which caused plaintiff's injuries;

i.  failure to properly and adequately hire and/or instruct the agents, servants, workmen, employees and/or representatives, of defendants herein, as to safe and proper procedures regarding warning invitees such as plaintiff of dangerous and/or defective and/or hazardous conditions;

j.  failure to provide safe conditions for patrons, invitees and/or the general public on the premises;

k.  failure to act with due care and regard for the position and safety of others, in particular, plaintiff;

l.  failure to provide and maintain proper supervision of the premises;

m.  failure to provide and maintain proper safety precautions at the premises;

n.  failure to furnish a reasonable number and distribution of safety personnel and safety equipment at the premises;

o.  failure to respond in a timely manner to an insecure or dangerous conditions or situations at the premises; and,

      p.      such other negligent acts and/or failures to act as may be discovered during the course of discovery in this action.

34. As a direct and proximate result of the foregoing negligence, plaintiff Caresse Ventiera suffered the injuries, losses, harm and/or damages set forth in paragraphs 25-31 above as if set forth at length.

**WHEREFORE**, plaintiff, Caresse Ventiera, demands damages of defendants herein, CMBK Resort Operations, LLC and/or CMBK Resort Holdings, LLC and/or Camelback Resort, LLC and/or Camelback Ski Resort and/or Camelback Ski Corporation and/or KSL Camelback Management, LLC and/or EPT Ski Properties, Inc. and/or CBH20 General Partners, LLC, jointly and/or severally, in a sum in excess of $50,000.00, plus interest, costs, and attorney's fees.

Respectfully submitted,

**LAW OFFICE OF LEON AUSSPRUNG, MD, LLC**

By: _____
Robert P. Weiner, Esquire
I.D. No.: 22577
James E. Hockenberry, Esquire
I.D. No.: 91133
1429 Walnut Street
Suite 300
Philadelphia, PA. 19102
215-717-0744 (p)
888-800-5731 (f)
Email: RW@aussprunglaw.com
Email: JH@aussprunglaw.com

## VERIFICATION

I, CARESSE VENTIERA, make this verification subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities. The attached Civil Action Complaint is based upon information which I have furnished to my counsel, and information which has been gathered by my counsel in preparation for the prosecution of this lawsuit. The language contained in the Civil Action Complaint is that of counsel and not of affiant. I have read or been read the Civil Action Complaint, and to the extent it is based upon information which I have given to my counsel, it is true and correct to the best of my knowledge, information and belief. To the extent that the contents of the Civil Action Complaint are that of counsel, I have relied upon my counsel in making this verification.

_____
CARESSE VENTIERA

Dated: July 1, 2021